In re SUBPOENA DUCES TECUM.

In re PAN AM CORPORATION,
et al., Debtors.

DELTA AIR LINES, INC., Appellant,

v.

Ted REED, Appellee.

Case Nos. 94–1205–CIV, 94–1207–CIV.
Bankruptcy No. 94–80007–BKC–RAM.

United States District Court,
S.D. Florida.

April 17, 1995.

Scott Louis Baena, Stroock & Stroock & Lavan, Miami, FL, for appellant.

Sanford Lewis Bohrer, Holland & Knight, Tax Division, Miami, FL, for appellee.

*FINAL ORDER (1) AFFIRMING BANK-RUPTCY COURT'S ORDER DENYING DELTA'S MOTION TO ENFORCE SUB-POENA DUCES TECUM ISSUED TO MR. TED REED, DATED MAY 4, 1994, AND (2) AFFIRMING BANKRUPTCY COURT'S ORDER DENYING EMERGENCY MO-TION FOR FURTHER FINDINGS ON DELTA'S MOTION TO ENFORCE SUB-POENA DUCES TECUM, DATED MAY 11, 1994*

ARONOVITZ, District Judge.

BEFORE THIS COURT is an appeal from the (1) Bankruptcy Court's Order De-nying Delta's Motion to Enforce Subpoena Duces Tecum Issued to Mr. Ted Reed, dated May 4, 1994, and (2) Bankruptcy Court's Order Denying Emergency Motion for Fur-ther Findings on Delta's Motion to Enforce Subpoena Duces Tecum, dated May 11, 1994.

On March 22, 1995, this Court heard oral argument on the merits of the appeal, as well as on Appellant's Motion to Supplement the Record.[1] The Court has carefully considered all briefs submitted on appeal, including post-hearing briefs, oral argument of counsel, the entire record, applicable law and is otherwise fully advised in the premises. For the fol-lowing reasons, it is **ORDERED AND AD-JUDGED** that:

1. Bankruptcy · Court's Order Denying Delta's Motion to Enforce Subpoena Duces Tecum Issued to Mr. Ted Reed, dated May 4, 1994, is hereby **AFFIRMED in its entirety.**

2. Bankruptcy Court's Order Denying Emergency Motion for Further Findings on Delta's Motion to Enforce Subpoena Duces Tecum, dated May 11, 1994, is hereby **AF-FIRMED in its entirety.**

### Factual and Procedural Background

Delta is a defendant in three New York lawsuits wherein $2.5 billion in damages is sought against Delta for breach of an obli-gation to invest in Pan Am. Delta's breach is alleged to have caused Pan Am's failure. Delta, in turn, has asserted defenses, coun-terclaims, or third-party claims against Plain-tiff Official Committee of Unsecured Credi-tors of Pan Am ("Creditors Committee") for wrongful conduct which caused or contribut-ed to the failure of Pan Am's reorganization efforts.[2]

Ted Reed, a business writer for the Miami Herald, obtained a copy of a letter ("Marcus

---

1. On March 24, 1995, this Court by separate Order Granted Appellant's Motion to Supple-ment the Record with a 209–page Opinion and Order entered on December 22, 1994 by the Honorable Robert P. Patterson, Jr., United States District Judge for the Southern District of New York. ("NY Opinion") The Court further direct-ed the parties to file post-hearing briefs address-ing the relevancy and applicability of the NY Opinion to the issues involved in this appeal. This Court has considered the NY Opinion and the post-hearing briefs in rendering this Opinion.

2. The NY Opinion referenced in footnote 1 of this Opinion represents a decision in one of three New York lawsuits.

letter") which contained harmful assertions about the bankruptcy proceedings of Pan Am and certain affiliated companies. This letter was written by Leon Marcus, lead counsel to the Creditors Committee. Reed reported some of the contents of the Marcus letter in a Herald article dated November 6, 1991. Delta argues that this article negatively impacted Pan Am's reorganization efforts, which efforts ultimately failed.

Delta alleges that the Creditors Committee caused or contributed to the failure of Pan Am's reorganization efforts by providing Reed with a copy of the Marcus Letter thereby procuring negative publicity about Pan Am to the detriment of Pan Am's reorganization. In order to prove this, Delta served Reed with a subpoena duces tecum. On September 13, 1993, Delta deposed Reed.

Reed, claiming a qualified privilege, refused to answer any questions about his acquisition of the Marcus letter and failed to produce any documents responsive to Delta's subpoena. Delta filed a motion with the Bankruptcy Court to compel enforcement of the subpoena duces tecum. On May 2, 1994, the Honorable Robert A. Mark, United States Bankruptcy Judge, held an evidentiary hearing on this matter, and on May 4, 1994, Judge Mark announced his decision by reading it into the record. Judge Mark upheld Reed's refusal to identify his source and denied Delta's motion finding that Delta failed to satisfied two out of the three elements necessary for overcoming a reporter's privilege. A reporter's privilege is overcome where (1) the information sought is relevant, (2) it is unavailable from other sources, and (3) there is a compelling need for the information. *United States v. Caporale,* 806 F.2d 1487, 1504 (11th Cir.1986), *cert. denied,* 483 U.S. 1021, 107 S.Ct. 3265, 97 L.Ed.2d 763 (1987), *citing, Miller v. Transamerican Press, Inc.,* 621 F.2d 721, 726 (5th Cir.1980), *cert. denied,* 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 238 (1981). While Judge Mark found that the information sought was relevant, he found that Delta failed to exhaust all

reasonable alternative sources and failed to show a compelling need for the information.

Delta thereafter filed an Emergency Motion for Further Findings on Delta's Motion to Enforce Subpoena Duces Tecum. Judge Mark denied this motion as well. Delta appeals both Orders.[3]

### Standard of Review

■ In accordance with Federal Rule of Bankruptcy Procedure 8013, the Bankruptcy Court's findings of fact will not be set aside unless clearly erroneous. *In re Chase & Sanborn Corp.,* 904 F.2d 588 (11th Cir.1990); *In re T & B General Contracting, Inc.,* 833 F.2d 1455 (11th Cir.1987). Equitable determinations by the Bankruptcy Court are subject to review under an abuse of discretion standard. *In re Red Carpet Corp. of Panama City Beach,* 902 F.2d 883 (11th Cir.1990). Conclusions of law are subject to *de novo* review. *In re Chase & Sanborn Corp.,* 904 F.2d at 593; *In re Sublett,* 895 F.2d 1381 (11th Cir.1990).

■ Appellant Delta argues that the standard of review is *de novo* as the Orders on appeal involve mixed questions of law and fact, and because appellate courts are under an obligation to "make an independent examination of the whole record" where First Amendment issues are raised. *Citing, Bose Corp. v. Consumers Union of U.S., Inc.,* 466 U.S. 485, 499, 104 S.Ct. 1949, 1958, 80 L.Ed.2d 502 (1984), *quoting, New York Times Co. v. Sullivan,* 376 U.S. 254, 284–286, 84 S.Ct. 710, 728–729, 11 L.Ed.2d 686 (1964).

Appellee Reed states that the Bankruptcy Court's ruling on Delta's motion to compel discovery is subject to an "abuse of discretion" standard with the Bankruptcy Court's factual findings subject to the "clearly erroneous" standard.

This Court has reviewed the entire record on appeal independently so as to satisfy the standard set forth in *Bose* and *New York Times.* In addition, appropriate deference has been afforded the Bankruptcy Court's

---

3. On August 4, 1994, this Court granted Appellant's Motion to Consolidate Appeals, whereby Case No. 94–1205–CIV–ARONOVITZ was consol- idated with Case No. 94–1207–CIV–ARONO- VITZ.

factual findings which merit clearly errone-
ous scrutiny.

### *Appellant Delta's Arguments on Appeal*

Delta argues that publication of informa-
tion included in the Marcus letter caused a
decrease in the number of Pan Am bookings
and a loss in confidence in Pan Am which, in
turn, caused or contributed to the failure of
Pan Am's efforts to reorganize. As part of
Delta's defense to the New York actions,
Delta sought to discover **who** from the Cred-
itors Committee provided the Marcus letter
to Reed. At Reed's deposition, Reed ac-
knowledged that he had obtained a copy of
the Marcus letter but refused to divulge his
source.

Delta argues that Reed should be com-
pelled to reveal his source because Delta
established all three elements for overcoming
Reed's privilege. In particular, Delta argues
that alternative sources have been **rigorous-
ly** exhausted in this case relying on *Garland
v. Torre*, 259 F.2d 545 (2nd Cir.1958) and
*Zerilli v. Smith*, 656 F.2d 705 (D.C.Cir.1981),
which require **reasonable** efforts to exhaust
alternative sources.

Delta argues that it has a compelling need
for the identity of Reed's source. This com-
pelling need is the defense of a $2.5 billion
suit against Delta. Delta argues that if the
source is a member of the Creditors Commit-
tee, then the Creditors Committee's conduct
would be a material part of Delta's defense in
the two New York actions which remain to
be tried. Delta argues that Judge Mark
erred in not finding this need compelling as
Judge Mark determined that Delta had other
defenses or ways to prove Plaintiff Creditors
Committee's misconduct.

In determining the limits of Delta's
right to discovering Reed's source, "courts
must balance the potential harm to the free
flow of information that might result against
the asserted need for the requested informa-
tion." *Citing, Bruno & Stillman, Inc. v.
Globe Newspaper Co.*, 633 F.2d 583, 596 (1st
Cir.1980). Delta argues that the claim of
privilege is weakened where the source does
not claim confidentiality. In this case, Delta
asserts that there was no expectation of con-
fidentiality since Reed testified that almost
two years after receiving the letter, Reed
called his source and asked whether the
source provided the letter on the condition of
confidentiality. Delta contends that Reed's
source is not "deserving of confidentiality"
where that information did not carry an ex-
plicit condition that it be kept confidential.
*Citing, Bruno & Stillman*, 633 F.2d at 597.

Delta argues that Judge Mark erred in
prohibiting the discovery of Reed's direct
dial telephone number during 1991, and when
and how Reed received a copy of the Marcus
letter. Delta argues that the information
sought does not infringe on any confidentiali-
ty interests of Reed or his source.

Delta argues that Reed did not produce
any documents in response to the subpoena
duces tecum and refused to answer whether
he even possessed any responsive documents.
Delta states that Reed cannot assert a privi-
lege and then seek to deny Delta the means
to challenge such privilege by refusing to
disclose whether he possesses any responsive
documents. Delta argues that the Bankrupt-
cy Court should have ordered Reed to identi-
fy all responsive documents in Reed's posses-
sion which he had not produced and for
which he was claiming a privilege. That is,
Reed should have provided a detailed privi-
lege list pursuant to Local Rule
26.1(G)(6)(b).[4]

---

4. Local Rule 26.1 provides in relevant part:

(G)(6)(b) Where a claim of privilege is asserted
in objecting to any interrogatory or document
demand, or sub-part thereof, and an answer is
not provided on the basis of such assertion:
(i) The attorney asserting the privilege shall in
the objection to the interrogatory or document
demand, or sub-part thereof, identify the nature
of the privilege (including work product) which
is being claimed and if the privilege is being
asserted in connection with a claim or defense

governed by state law, indicate the state's privi-
lege rule being invoked; and
(ii) The following information shall be provid-
ed in the objection unless divulgence of such
information would cause disclosure of the alleg-
edly privileged information:
(A) For documents: (1) the type of docu-
ment; (2) general subject matter of the docu-
ment; (3) the date of the document; (4) such
other information as is sufficient to identify the
document for a **subpoena duces tecum**, includ-
ing, where appropriate, the author of the docu-

Finally, Delta argues that Reed waived any claim of privilege since he sent a copy of the Marcus letter to another news reporter. Delta obtained a copy of the letter sent by Reed to the other reporter through discovery.

### Appellee Reed's Arguments on Appeal

Reed argues that the record clearly shows that his source specifically requested confidentiality prior to Reed receiving a copy of the Marcus letter in 1991. *See,* Reed's deposition, at 47–50. Reed argues that Delta exaggerates the impact of Reed's testimony as to his source since the record shows that this information is only one of many claims and defenses asserted by Delta. Specifically, Judge Mark announced in his Oral Ruling on May 4, 1994 that:

> ... the record reveals that the allegations regarding disclosure of the Marcus letter form only a portion of the factual allegations surrounding certain defenses and affirmative claims relating to the bad faith and wrongful conduct of the Committee.
>
> ... the pleadings reveal that the alleged release of the Marcus Letter was only a part of the alleged wrongful conduct by the Committee. Oral Ruling Transcript, at 22.

Judge Mark found that "excerpts from certain depositions also question the importance of the news story and the problems that Pan Am encountered in November." Oral Ruling Transcript, at 26. Reed argues that Judge Mark considered John Lewis'[5] deposition and found that the Marcus letter was "not described as a sufficient factor to cause the drop-off in revenues reflected in Pan Am's results." Oral Ruling Transcript, at 27. These particular findings by Judge Mark go toward showing that Delta lacked a compelling need for Reed to reveal his source.

Reed argues that Delta failed to exhaust all reasonable alternative sources. In particular, Reed argues that Delta failed to depose two representatives from the International Brotherhood of Teamsters ("IBT") namely, Riley and Cannestro, who were identified in

interrogatory responses and one deposition as having the Marcus letter in time to provide it to Reed. Reed therefore argues that Judge Mark's factual finding that Delta failed to exhaust all reasonable alternatives to obtain Reed's source is supported by the record and is not clearly erroneous.

Reed argues that Judge Mark was likewise correct in denying Delta's Emergency Motion for Further Findings since Delta was seeking to obtain indirectly that which Delta was precluded from obtaining directly. Namely, Delta sought discovery of Reed's source through supplemental material/documents. *Citing, Loadholtz v. Fields,* 389 F.Supp. 1299, 1303 (M.D.Fla.1975) (the compelled production of a reporter's resource material is equally as invidious as the compelled disclosure of his confidential informants). Finally, Reed argues that he never waived his First Amendment Privilege by sending a copy of the Marcus letter to a another reporter.

### Discussion

■ As noted herein, this Court has reviewed the entire record on appeal independently so as to satisfy the standard set forth in *Bose* and *New York Times*. In addition, appropriate deference has been afforded the Bankruptcy Court's factual findings which merit clearly erroneous scrutiny.

■ Upon review, the Bankruptcy Court applied the correct legal standard. That is, a journalist privilege is overcome where (1) the information sought is relevant, (2) it is unavailable from other sources, and (3) there is a compelling need for the information. *See, United States v. Caporale, supra; Miller v. Transamerican Press, Inc., supra.*

The Bankruptcy Court's conclusion that Delta did not reasonably exhaust alternative sources for the same information is supported by the record. In particular, the Bankruptcy Court found that at least two IBT individuals known to have had the Marcus letter were not deposed. Judge Mark specifically stated:

---

ment, the addressee of the document, and, where not apparent, the relationship of the author and addressee to each other.

**5.** John Lewis served as Vice President of Airline Planning at Pan Am.

The record here demonstrates that Delta has expended significant efforts and resources to discover the Herald source but has not under the standard exhausted all reasonable alternative sources in order to satisfy this element . . .

Mr. Reed's counsel identified at least two potentially important IBT witnesses who, based upon this record, were not deposed.

. . . the IBT identified three individuals who they say recall having seen the Marcus letter on November 5th or 6th. William Genoese, George Miranda and Patrick Riley, IBT staff counsel.

Genoese and Miranda were deposed. There is no evidence that Mr. Riley was deposed and nothing in this record to lead me to believe or conclude that his status as an attorney would have shielded him from discovery on this issue. In fact, the record shows other attorneys were deposed.

In addition to Mr. Riley, excerpts from the deposition of IBT's Vice President, George Miranda, contained in Exhibit 39 and in Mr. Reed's Exhibit A reveal an additional potentially important witness . . .

On Page 101 of the transcript, Mr. Miranda testifies as follows. Quote, there was an earlier meeting in negotiations in November sometime, I don't remember the exact date, and I'd asked Tony Cannestro, who's the principal officer of 769 in Miami, because I had faxed him a copy, I recall faxing him a copy of the November 4th letter, that it was he who gave it to Ted Reed of the Miami Herald down in Miami. And his response was that he didn't, but I did recall discussing how Ted Reed got the November 4th letter. End of quote.

Mr. Miranda went on to testify that Mr. Cannestro said he had not given the Marcus letter to Ted Reed . . .

Since Delta believes that IBT was the source, deposing Mr. Riley and Mr. Cannestro would appear to be not only part of the broad wave of discovery, but also appear to be important discovery.

. . . in order for Delta to satisfy the second element of the three part test at issue in this case, it had to satisfy the exhaustion of all reasonable alternative sources. And in that context, I find that Delta has not met its burden.

In sum, given the identification by Mr. Reed's counsel of at least two witness[es] with potential information on the source of the letter and given the significant weight the courts have attributed to the exhaustion element of the three part test, the Court concludes that Delta has failed to meet its burden of demonstrating that it has exhausted all other reasonable means of obtaining the discovery. Oral Ruling Transcript, at 17–21.

Likewise, the Bankruptcy Court's conclusion that Delta did not prove a compelling need for the information is supported by the record. As noted herein, Judge Mark found that:

. . . the record reveals that the allegations regarding disclosure of the Marcus letter form only a portion of the factual allegations surrounding certain defenses and affirmative claims relating to the bad faith and wrongful conduct of the Committee.

. . . the pleadings reveal that the alleged release of the Marcus Letter was only a part of the alleged wrongful conduct by the Committee. Oral Ruling Transcript, at 22.

Judge Mark goes on to state:

While the Court is not determining the significance, per se, the absence of a clear demonstrable effect on a material issue in the lawsuit arising from the disclosure of the letter does prevent me from finding that the source of the alleged leak is compelling and critically needed by Delta to defend itself or prosecute its claims.

In sum, Delta's failed to establish a need for the reporter's source compelling enough to outweigh the interest in protecting Mr. Reed's privilege. Oral Ruling Transcript, at 28.

This Court has carefully and independently examined the entire record, applicable law, the arguments made by the parties and the specific findings made by the Bankruptcy Court. Upon review, this Court finds that the Bankruptcy Court properly found that Appellant (a) failed to show it exhausted all

other reasonable sources, and (b) failed to demonstrate a compelling need for the identity of Reed's source.

■ Moreover, upon review of Local Rule 26.1(G)(6)(b)(ii) this Court finds that Reed was not required to provide a detailed privilege list to Delta since "divulgence of such information would cause disclosure of the allegedly privileged information." The Court agrees with the Bankruptcy Court's May 11th Order on appeal which held "[t]he Court will not compel discovery which may enable Delta to obtain indirectly what it may not obtain directly, namely, discovery of Mr. Reed's source through documents produced by or testimony obtained from Mr. Reed." May 11, 1994 Order Denying Emergency Motion, at 2; *See also, Loadholtz v. Fields, supra.* Finally, the Court is not convinced that Reed waived his claim of privilege by sending a copy of the letter to another reporter since that transfer or delivery did not cause Reed's source to be revealed. The source remained confidential.

The Court finds that the two Orders on appeal are supported by the record and are correct legally and factually. In summary and for the reasons set forth herein, it is **ORDERED AND ADJUDGED** that:

1. Bankruptcy Court's Order Denying Delta's Motion to Enforce Subpoena Duces Tecum Issued to Mr. Ted Reed, dated May 4, 1994, is hereby **AFFIRMED in its entirety.**

2. Bankruptcy Court's Order Denying Emergency Motion for Further Findings on Delta's Motion to Enforce Subpoena Duces Tecum, dated May 11, 1994, is hereby **AFFIRMED in its entirety.**

DONE AND ORDERED.